# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JERRY LAIDMAN,

        Plaintiff,

vs.

CHUCK CLARK, *et al.*,

        Defendants.

Case No. 2:11-cv-00704-LRH-PAL

**ORDER**

(Ex Parte Writ of Attachment - Dkt. #10)

    Before the court is Plaintiff's Ex Parte Motion for Order Directing Issuance of Prejudgment Writ of Attachment and Garnishment Without Notice (Dkt. #10). The motion is supported by the attached affidavit of Plaintiff, Jerry Laidman.

    Plaintiff applies for a writ of attachments and garnishment pursuant to Fed.R.Civ.P. 64(a) and NRS 31. Counsel for Plaintiff contends that the Plaintiff's affidavit, standing alone, meets the requirements of NRS 31.020, which authorizes a writ of attachment without notice to the Defendants. Plaintiff's affidavit avers, *inter alia*, that upon information and belief Defendants are about to "give, assign, hypothecate, pledge, dispose or conceal the Defendant's money or property." He therefore argues that he is entitled to an order directing the issuance of a writ of attachment and garnishment pursuant to NRS 31.117(1)(3)(5) and (6). As there is no NRS 31.117, it appears the motion contains a typographical error, and that Plaintiff is actually referring to NRS 31.017. The Plaintiff believes he is due sums from the Defendants and on "information and belief, Lighthouse for the Blind has recently or will shortly be making a payment of approximately $1.5 million to TotalFlare for its purchase orders." Plaintiff asserts that he is a resident of Nevada, that none of the Defendants are residents of Nevada, that Plaintiff's property has been converted without his consent, and on information and belief, that Defendants are about to "give, assign, hypothecate, pledge, dispose of or conceal the Plaintiff's money

or property." He therefore requests an order directing the issuance of a writ of attachment and garnishment, although he does not specify the amount on the writ.

Having reviewed and considered the matter, the court finds the Plaintiff has not met his burden of establishing that a pre-judgment writ of attachment and garnishment without notice should issue. Accordingly,

**IT IS ORDERED** Plaintiff's Ex Parte Motion for an Order Directing Issuance of Prejudgment Writ of Attachment and Garnishment Without Notice (Dkt. #10) is **DENIED**.

Dated this 9th day of June, 2011.

_____
Peggy A. Leen
United States Magistrate Judge