# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JERRY LAIDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-00704-LRH-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CHUCK CLARK, et al., | ) | (Mot Ext Jt PTO and Reopen Disc - Dkt. #54) |
| | ) | |
| Defendants. | ) | |

Before the court is Defendants/Counterclaimants Chuck Clark, Louis Martin, and TotalFlare, Inc.'s ("TotalFlare") Motion for an Extension of the Pretrial Order Deadline and to Reopen Discovery for a Limited Purpose (Dkt. #54). The court has considered the Motion, and Plaintiff/Counterdefendant's Jerry Laidman's Response (Dkt. #55).

The Complaint (Dkt. #1) in this case was filed May 3, 2011. The parties requested, and received, special scheduling review and nine months, rather than six months, in which to complete discovery. The court's Discovery Plan and Scheduling Order (Dkt. #33) was entered September 22, 2011, and established an April 10, 2012, discovery cutoff and other deadlines consistent with LR 26-1(e). However, the court informed counsel that they should initiate and complete discovery within the extended time allowed, and that the court would strictly scrutinize any request for an extension of the deadlines for good cause. *See* Minutes of Proceedings (Dkt. #32). The parties applied for, and received, a limited extension of the discovery cutoff until June 11, 2012. *See* Stipulation (Dkt. #39) and Order (Dkt. #40). Discovery was extended until June 25, 2012.

After the close of discovery Plaintiff/Counterdefendant Laidman filed a Motion for Partial Summary Judgment (Dkt. #43). On February 8, 2013, the district judge entered an Order (Dkt. #52) denying the motion without prejudice. The district judge concluded that the Plaintiff is not barred, in a

fraud action, from offering evidence of damage resulting from the performance of a pre-existing obligation. However, Plaintiff had not offered any evidence of damage traceable to the Defendants' deceptions in his motion for partial summary judgment, and the motion was therefore denied without prejudice.

In the current motion, TotalFlare seeks to reopen discovery arguing the rationale for court's order denying the motion for partial summary judgment was not previously discussed or anticipated by the parties. TotalFlare therefore requests an opportunity to obtain discovery from Plaintiff to explore the material issues raised by the court's holding that Plaintiff is not barred in a fraud action from offering evidence of damage resulting from the performance of a pre-existing obligation. Specifically, TotalFlare requests leave to take the limited deposition of Plaintiff on the issues of missed opportunities he allegedly had as a result of complying with the parties' agreement and his ability to pay any expectancy damages that would have resulted from his breach of that agreement. TotalFlare also intends to serve requests for production and interrogatories on the Plaintiff concerning these two issues, and to subpoena documents or testimony from any non-party witnesses Plaintiff identifies in this additional discovery. TotalFlare seeks sixty days to complete this additional discovery, and an order extending until thirty days thereafter the deadline for filing the joint pretrial order. TotalFlare requested that Plaintiff stipulate to an extension. However, Plaintiff declined to stipulate.

Plaintiff opposes the motion pointing out that Defendants refused to cooperate in the preparation and filing of a joint pretrial order which required Plaintiff to file its unilateral pretrial order on the date it was due, March 11, 2013. Plaintiff believes this motion was filed to delay setting a trial date. Additionally, on the merits, Plaintiff acknowledges that he is precluded from, and does not intend to offer any evidence that has not already been disclosed during discovery. Plaintiff was deposed June 15, 2012, after all documents and physical evidence had been disclosed by the parties. The law is well settled that Plaintiff cannot introduce new evidence at trial not disclosed during the discovery cutoff, and affirmatively represents that Plaintiff does not intend to offer evidence at trial that has not already been disclosed.

Having reviewed and considered the matter, the court finds that Defendants/Counterclaimants have not established good cause or excusable neglect for failing to conduct the discovery requested

within the extended time allowed. The fact that the movants did not expect the district judge's ruling does not establish good cause or excusable neglect to reopen discovery where, as here, Plaintiff acknowledges and affirmatively represents he does not intend to introduce any evidence not timely disclosed during the discovery allowed by the court. Accordingly,

**IT IS ORDERED** that:

1. Defendants/Counterclaimants' Motion for Extension of the Pretrial Order Deadline and to Reopen Discovery for Limited Purpose (Third Request) (Dkt. #54) is **DENIED**.
2. Defendants/Counterclaimants shall have until **April 10, 2013,** to cooperate with Plaintiff in the preparation of a **joint** pretrial order which shall be filed no later than **April 24, 2013**.

Dated this 27th day of March, 2013.

_____
Peggy A. Leen
United States Magistrate Judge